UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,  
    Plaintiff,

vs.

BRAIN EYNSEN,  
    Defendant.

Case No. 1:13-cv-807

Weber, J.  
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on the pending show cause order. (Doc. 4) This matter is also before the Court for a *sua sponte* review of the amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, proceeding *pro se* has been granted *in forma pauperis* status, in this purported employment discrimination action. (Doc. 2). However, Plaintiff failed to provide the Court with Defendant's mailing address in order to perfect service. As such, Plaintiff was ordered to submit completed summons and U.S. Marshal forms, including defendant's mailing address, within 30 days. To date, Plaintiff has failed to comply with the Court's Show Cause Order. Yet, Plaintiff subsequently filed an amended complaint (Doc. 5), as well as a second amended complaint. (Doc. 8). The record also reflects that the Court's Show Cause Order was returned as "undeliverable." (Doc. 9). Based on the record currently before the Court, the undersigned finds that this matter should be *sua sponte* dismissed for lack of prosecution and for failure to state a claim upon which relief may be granted.

At the outset, the Court notes Plaintiff's failure to comply with the Court's Show Cause Order, as well as his failure to keep the Court apprised of his current address, are both grounds for dismissal based on lack of prosecution. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, because the Show Cause Order did not include language putting Plaintiff on notice that his failure to comply with the Order could result in dismissal of this action, the undersigned declines to recommend dismissal on this basis. Nonetheless, while Plaintiff failed to comply with the Court's show cause order, he subsequently filed an amended complaint and second amended complaint.[1] (*See* Docs. 5,8).

Pursuant to Fed. R. Civ. P. 15(a),"[a] party may amend its pleading once as a matter of course within 21 days after serving it," and "[i]n all other cases, . . . [t]he court should freely give leave [to amend] when justice so requires." Here, the original complaint has yet to be served. Thus, it appears that Plaintiff's amendments are properly before the Court. Notably, the filing of an amended complaint supersedes the original complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.,* 526 F.3d 257, 268 (6th Cir.2008), *citing Drake v. City of Detroit,* No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb.21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint supersedes all prior complaints"). As such, Plaintiff's amended complaint(s) is subject to *sua sponte* review by the Court in order to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is

---

[1] Plaintiff's amendments will be considered together, as the second amended complaint appears to be an addendum to the amended complaint.

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

3

arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Here, Plaintiff's proposed amended complaint does not contain complete sentences and/or any rational statements. The amended complaint appears to make several references to "the bible" and "a Judge" and also includes an indecipherable diagram. (Doc. 5 at 6). The amended complaint does not identify any misconduct by the Defendant nor outline the relief sought from the Defendant.[2] As such, Plaintiff's amended complaint fails to plead any factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Accordingly, the undersigned finds that Plaintiff's amended complaint fails to state a claim for relief.

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state upon which relief may be granted. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                                 *s/ Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

---

2 Other than the name of the Defendant "Brain Eynsen" listed on the caption, the amended complaint does not otherwise identify the defendant.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANDRE SMILEY,	Case No. 1:13-cv-807
    Plaintiff,

                           Weber, J.
vs.	Bowman, M.J.

BRAIN EYNSEN,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).